**SAILOR v COLUMBUS (city)**

Ohio Appeals, 2nd Dist, Franklin Co

No 2660.   Decided Oct 9, 1936

Hamilton, Kramer & Wiles, Columbus, for plaintiff and appellant.

John L. Davies, Columbus, and John L. Davies, Jr., Columbus, for defendant and appellee.

**OPINION**

By BODEY, J.

This action originated in the Court of Common Pleas. That court sustained a demurrer to the amended petition of plaintiff and, plaintiff not desiring to plead further, entered final judgment dismissing the action. Appeal on a question of law is here prosecuted from that order of the lower court.

It is claimed that the trial court erred (1) in sustaining the demurrer; and, (2) in striking from the original petition certain allegations.

We will consider these assignments of error in the order above set forth.

Plaintiff alleges in substance that the defendant is the owner of a tract of land which has been laid out and established as a public park, the same being known as Lincoln Park; that the defendant has established a public playground therein and other devices for the amusement and recreation of the children of the city; that for

a long period of time large numbers of children had been accustomed to resorting to said park for play and recreation; that in the northeast section of said tract there was located Lincoln School; that the children attending said school resorted to Lincoln Park for play and recreation; that more than a year prior to the events set forth in the amended petition the defendant had constructed and maintained in the southwest section of said Lincoln Park a certain lake or pond, which was approximately 150 feet long and 75 feet wide; that said pond or lake was located at an approximate distance of fifteen to twenty feet from Woodrow Avenue and not more than twenty-five feet from Ann Street in said city; that on July 23, 1934, plaintiff's decedent, who was of the age of eight years, fell into said lake or pond and was drowned. The remainder of the amended petition we quote as follows:

"Plaintiff says that the defendant was guilty of negligence, which negligence was the direct and proximate cause of the death of his said decedent, in the following particulars, to-wit:

"1. In maintaining said lake in and as a part of said public playground without erecting any guards or barriers to protect this plaintiff's decedent, William Robert Sailor.

"2. In so constructing and maintaining said lake as to have a walk around the shore of said lake and in close proximity to the water, and without any wall or railing.

"3. In failing to maintain any supervisor or guard in said vicinity to warn William Robert Sailor of the dangers to be anticipated from said pond or lake.

"4. In failing to post any signs or signals to warn plaintiff's decedent, William Robert Sailor, of the dangers in connection with said lake.

"5. In failing to construct a fence or other barrier to separate the lake portion of the park from the playground."

The prayer of the petition is for the recovery of damages by reason of the negligence of the defendant as above set forth.

Defendant demurred to the amended petition on the ground that the same did not state facts sufficient to constitute a cause of action.

Although counsel in elaborate briefs have cited many cases from without the jurisdiction of Ohio as well as from this state, we are of opinion that the questions here presented may be disposed of by reference to decisions of our Supreme Court. It has been decided by that court in the case of **City of Cleveland, et al v Ferrando,** a minor, **114 Oh St 207,** that,

"Municipally owned and controlled parks, established and maintained for, and open to the general public, are 'public grounds' within the meaning of that phrase in §3714 GC, and by that section the duty is imposed upon municipalities to keep them free from nuisance."

In commenting upon that case the Supreme Court in the case of **City of Cleveland v Pine, 123 Oh St 578,** said:
"It is the spirit of that decision that municipally owned parks, which are free to the public for purposes of recreation, are 'public grounds,' and it is likewise the spirit of §3714, GC, that municipally owned parks are in the same classification as streets and alleys, and that therefore they are instrumentalities of government. It follows that the liability of the municipality for negligence in their maintenance, and the obligation to keep them free from nuisance, must rest upon the same basis as the liability relating to the maintenance and care of streets, alleys, sidewalks, and other ways."

In the case of **City of Wooster v Arbenz, 116 Oh St 281,** the same court held that,
"Streets and highways are public and governmental institutions, maintained for the free use of all citizens of the state, * * *."

The court further held in the latter case that the duties and obligations imposed upon a municipality by §3714, GC, are in derogation of the common law and must therefore be strictly construed.

**Sec 3714, GC,** to which reference has been made in these various opinions, reads thus:

"Municipal corporations shall have special power to regulate the use of the streets, to be exercised in the manner provided by law. The council shall have the care, supervision and control of public highways, streets, avenues, alleys, sidewalks, public grounds, bridges, aqueducts, and viaducts, within the corporation, and shall cause them to be kept open, in repair, and free from nuisance."

These expressions of the Supreme Court form the basis no doubt for the following

statement which we take from 28 **O. J.**, **970**, §612:

"With respect specifically to injuries occurring on streets and other public ways, it is established that, since a municipality, in the construction and maintenance of its streets and ways, exercises a governmental function, the general rule of nonliability is applicable, except to the extent that liability is imposed by statute."

The same authority then proceeds to say that the duty imposed upon municipalities by the provisions of §3714, **GC**, is of a ministerial and mandatory character and that the general principles of tort liability apply in favor of persons sustaining special injury by reason of the nonperformance of those duties.

We believe that the statement from Ohio Jurisprudence correctly epitomizes the law with reference to the construction and maintenance of streets, alleys and public grounds. It having been determined that a public park is a public ground, it must necessarily follow that liability for injuries sustained in a public park must be measured by the duty owed by the municipality under §3714, **GC**. The only duty imposed upon the municipality by this section is that it shall keep its public grounds, or in this case, Lincoln Park, open, in repair and free from nuisance. As we construe the law, there would be no liability for damages for an accident happening in Lincoln Park except that the same was caused by the failure of the city of Columbus to keep the said park open, in repair and free from nuisance. In other words, it is our view that the decisions of Ohio are to the effect that a municipality which constructs and maintains a public park for the purposes of play and recreation is discharging a governmental function and that it may not be held liable to respond in damages for negligence, which might be actionable under the common law, but which does not amount to a failure to keep its park open, in repair, and free from nuisance.

The conclusion which we reach upon the liability of the city is in accord with that expressed by the Court of Appeals of Cuyahoga County in the recent case of the **City of Cleveland v Hattie B. Walker, Admx., 6 Oh Op 138**, The Ohio Law Reporter of July 27, 1936. **21 Abs 494**. A motion to certify this case was overruled by the Supreme Court on June 24, 1936.

Having reached the conclusion that the city of Columbus in the construction and maintenance of Lincoln Park may only be held liable for neglect of those duties which are imposed by §3714, **GC**, we inquire whether or not this amended petition contains allegations tending to establish the fact that the park, at the time in question, was not kept open, or in repair or was not free from nuisance.

It is our opinion that no one of the five specifications of negligence, which have been here quoted, indicates that this lake was not in repair. It could not be seriously contended that the lake was not open. None of the allegations of negligence goes to the extent of averring that the lake was not open. We are unable to hold as a matter of law that a nuisance is created by the maintenance of a pond in a public playground without the erection of guards or barriers or without the supervision of guards or without the posting of signs or signals of warning. Neither do we believe that a nuisance is created or maintained when a walk is constructed around the shore of a lake, in close proximity to the water, without any wall or railing. In our judgment there is no allegation in this petition, proof of which would tend to establish that the city of Columbus, by maintaining this pond in Lincoln Park, had created or was permitting to exist a public nuisance.

In our judgment the trial court correctly sustained the demurrer to this amended petition.

The allegations which were stricken from the original petition by the trial court would be of no avail to the plaintiff except that they might establish that the city of Columbus failed to keep this park or this pond, in repair and free from nuisance. The allegations which were stricken were in general to the effect: (1) that the pond had been maintained in its then condition with the knowledge, consent and approval of the defendant; (2) that the defendant had expressly and by implication invited children to congregate on said playground; (3) that Woodrow Avenue and Ann Street were duly dedicated streets and highways; that no barriers were erected to protect the children and that no guards were maintained to warn children of danger.

It is our view that the trial court was correct in ordering these portions of the original petition to be stricken. In order

420

to warrant recovery against a municipality under §3714 GC, it is not necessary to show that a condition existed with the knowledge, consent or approval of the defendant. Neither is it necessary to show that an injured person was invited either expressly or impliedly to go upon public premises. The fact that Woodrow Avenue and Ann Street were public highways does not tend to fix liability of the defendant in an action instituted for violation of the duty created by §3714, GC. The allegations which were stricken with reference to the protection of children who frequented the playground and the lake would not have been necessary in an action for negligence, if it could be said that the municipality was liable thereon. No prejudice followed by the action of the trial court in ordering these allegations stricken from the petition. The crux of the entire matter is that there are no allegations in either the original or the amended petition which charge the defendant municipality with failing to keep Lincoln Park or the pond in question open, in repair, and free from nuisance. As we view the law of Ohio such allegations are necessary in order to state a cause of action against a municipality for injuries sustained in or upon a public park.

Being of such view it follows that the judgment of the trial court is affirmed.

Exceptions are noted.

BARNES, PJ, and HORNBECK, J, concur.