**BRONIKOWSKI, Admr., Plaintiff, v. BIGHAM, Defendant.**

Common Pleas Court, Madison County.

Nos. 19946, 19947. Decided May 4, 1955.

221

Stanley A. Grzezinski, Edwin J. Lynch, Toledo, Crabbe & Tanner, London, for plaintiff.
Richmond & Richmond, London, for defendant.

**OPINION**

By BAYNES, J.

The same question is primarily raised in both cases. It is alleged that plaintiff's decedents were drowned, in an abandoned quarry located on premises leased to the defendant in Seneca County, Ohio, on 11 July 1952. The instant action was filed in this Court and personal service obtained on defendant on 1 November 1954.

The actions are for wrongful death under **Chapter 2125 R. C.,** **§.02** which provides the action must be brought within two years after the decedent's death, except as otherwise provided by law.

"Commencement of Action," is defined in **§2305.17 R. C.:**

". . . as to each defendant, at the date of the summons which is served on him . . .

". . . an attempt to commence an action, is equivalent to its commencement, when the party diligently endeavors to procure service, if such attempt is followed by service within sixty days."

Plaintiff relies on **§.04 R. C.** of the wrongful death Chapter which provides that if such action is, "commenced or attempted to be commenced" within the two years and judgment for plaintiff be reversed or if plaintiff fails otherwise than on the merits plaintiff may commence a new action with one year.

Plaintiff relies upon paragraph 13 of his petition as conferring jurisdiction of the case, upon this court:

"A suit involving the above facts was filed in Seneca County, Ohio and was dismissed without prejudice on September 27, 1954 to a further action on the same facts as a result of a motion by defendant to quash the service of summons for the reason that said summons was left at a place which was not the usual place of residence of the defendant."

What this allegation fails to say is that the Seneca County action was filed on or before 11 July 1954. For the purposes of the demurrer, it

222

can not be said that the allegation infers or implies that the action was so filed. The Court does not consider this defect decisive. It is important only to the extent that it can be determined, on the above allegations and under the above quoted provisions of §2305.17 R. C., that no action was:

1. Commenced, or
2. Attempted to be commenced;

in Seneca County, within the two years as required under the Wrongful Death Statute.

Plaintiff relies on **Sabol v. Peckoc, 148 Oh St 545.** In our view plaintiff both misconstrues and misapplies the law of that case. The Court held that where plaintiff had sued the wrong person and then attempts to commence an actoin against another defendant after the two year condition has elapsed, that the failure of the first case, "otherwise than on the merits," does not permit the commencing of a new action on the same death against a different person.

In other words the subsequent defendant not having an action commenced or attempted to be commenced within the two years against him, could not be substituted for the original defendant against whom an action was commenced within the two year condition. This Court is of the opinion the Sabol case would control the instant case by analogy.

The instant case, never reaches the point of considering whether plaintiff lost otherwise than on the merits. It is patent that there was no action commenced or attempted to be commenced against this defendant, either in Seneca or Madison Counties on or before 11 July 1954.

In a case where plaintiff filed suit within two years in one county, but no service was had on the defendant, and after two years the case was dismissed for failure of service of summons (just as this case was in Seneca County), and subsequently the plaintiff filed an identical suit in another county, it was held:

". . . the plaintiff cannot be considered as having failed 'otherwise than upon the merits' in an action commenced or attempted to be commenced so as to authorize the plaintiff to commence an action within one year after the date of such 'dismissal,' under §11233 GC (§2305.19 R. C.)." **Kossuth v. Bear, 161 Oh St 378, Syl. 1.**

Plaintiff's counsel will observe that otherwise than the reference to §2125.02, §2125.04 R. C., the Wrongful Death statute savings clause, and the first sentence of §2305.19 R. C., the general savings clause, are identical word for word. It is impossible to apply one rule of construction to one statute and a different rule of construction to the other.

As this is the second time the defendant has raised this objection on the demurrer, and in order that this be the last time it should be necessary, holding as we are compelled to do by statutory definition of an action commenced or attempted to be commenced, this Court is of the opinion that the sixty day provision for service, which qualifies an attempt to commence as a commencement, under §2305.17 R. C., and as mentioned in §2125.04 R. C., does not apply to the facts of this case.

For the reason that, it could only apply to an action brought in this county on or before 11 July 1954. No action was filed in this county until

1 November 1954. But if it had been filed on or before 11 July 1954, it would have been necessary that the defendant be served on or before 11 September 1954.

We conclude that it is not only mete, proper and just that the demurrer be again sustained on this Branch, but this Court is of the opinion that it is bound by the 2nd syllabus of the Sabol case, and we so hold.

Another ground of demurrer to the amended petitions is that the plaintiff states no cause of action. This was not raised on the original petition demurrers. It requires no authority to say that a demurrer admits only the well plead facts.

It is alleged, in essence, that defendant was the lessee of a farm containing an abandoned quarry, 20 feet in depth with no outlet, in 1952 children and adults played and swam in and about the quarry; that prior to 11 July 1952 there had been a sign warning of the danger to swimmers, but that on that date no such warning sign was posted and that plaintiff's decedents were drowned about the hour of midnight on that day. Then follow allegations, not sounding in negligence, but which attempt to make the premises an "attractive nuisance." The last allegations referred to are bare of operative facts and constitute pleaders conclusions, and are not considered to be admitted on demurrer.

We do not have a theory of recovery in Ohio on the doctrine of "attractive nuisance." In general it may be said that in Ohio the same rules of care apply alike to trespassers and licensees, also to infants and adults; 29 O. Jur. 454, Sec. 55; see also Secs. 56, 57 and 58.

Attention is called to the fact that a municipality, under §723.01 R. C. (§3714 GC), charged with a duty of keeping parks, open to the general public, free from nuisance is not liable for the death of a fourteen year old boy, who fell into a clogged ravine in such park, which filled with water from time to time, which was frequented by children, without warning signs, without enclosing it, or without maintaining guards. The case of City of Toledo v. Cummings, 121 Oh St 37, was considered by the Court on plaintiff's claimed error of the trial court's direction of a verdict for the defendant. (Declaration of no liability in the case of a ten year old, under similar circumstances see 52 Oh Ap 477 and in the case of an eight year old, see 23 Abs 417.)

8 A. L. R. 2d 1254, contains a thorough article on the subject of landowner's liability for drowning of a child. We quote from page 1259, Sec. 2, of the Article:

"As will be seen by an examination of the cases considered herein, recovery for the drowning of a child has been most often sought under the attractive nuisance doctrine, since the child is in most instances a trespasser on the premises and some such theory is necessary to make the landowner liable at all . . . .

(Eleven states and Canada recognizing the attractive nuisance doctrine refuse to apply it for recovery of drowning of a child) "Of course, recovery for drowning of a trespassing child is consistently refused in jurisdictions such as . . . Ohio . . . (and twelve other states), which refuse to recognize the attractive nuisance doctrine under any circumstances." (cf. Signs v. Signs, 161 Oh St 241, 243.)

Attention is called to the eleven reasons set out, why the rule is not applied in drowning cases, if counsel care to examine them.

Even in states where liability may be recognized generally. the rule does not apply to infants of advanced years such as the decedents in this case who were nineteen (19) years old.

In the instant case it is not alleged that the decedents were invitees or licensees. Although of passing interest, it is idle to speculate as to what these decedents, who were impliedly residents of Lucas County, were doing miles away from home, on private property located along a railroad track at midnight, and with whom these odd events were occurring. How, in the ordinary course of events, any ordinary sign of danger, apparent though it might be in the daytime, would normally be as apparent at midnight. Should the defendant have had the area lighted all night too?

The Court is of the opinion that the demurrer should be sustained because:

(1) The action was not brought within the time limited for the commencement of a wrongful death action.

(2) The amended petition does not state facts which show a cause of action.

Attorney for defendant is directed to prepare an Entry in accordance with this opinion and to file the same according to rule, giving plaintiff leave to plead further on or before 28 May 1955.

Nos. 19946, 19947. Decided July 18, 1955.

## OPINION

By BAYNES, J.

The same question is raised in both cases. This is the third time a demurrer has been filed in the cases(s). Neither the first or second amended petition contains additional operative and material facts to overcome the grounds for sustaining the demurrer(s). This is particularly true of the Second Amended Petition(s).

For the reasons stated in the Court's decision(s) of 4 May 1955, the demurrer to the second amended petition(s) is sustained as to both Branches.

It clearly appears that no further pleading can be filed which will cure the defects of plaintiffs' petition (s). Defendant's attorney is, therefore, directed to prepare an entry sustaining the demurrer(s) and dismissing the cases(s) and file the same according to rule.